WEST CONSTRUCTION COMPANY v. ATLANTIC COAST LINE RAILWAY COMPANY.

(Filed 21 February, 1923.)

**1. Negligence — Contributory Negligence—Contracts—Evidence—Appeal and Error—Railroads.**

Where a building used in connection with the plaintiff's plant has been injured by the negligence of defendant's employees on its train in running a freight car over the bumpers at the end of the track, the damage recoverable is the difference between the market value of the building immediately before and immediately after the injury occurred, and as an element thereof the jury may consider the lessened capacity thereof that the plaintiff could not have avoided in making the necessary repairs: *Held*, under the facts of this case the admission of testimony of a witness of the pecuniary loss of the lessened capacity did not constitute reversible error.

**2. Appeal and Error—Evidence—Issues—Verdict—Harmless Error.**

The admission of evidence upon an issue answered in appellant's favor cannot be held as prejudicial, or entitle him to a new trial thereon.

**3. Negligence—Contributory Negligence—Concurring Cause—Contracts.**

Contributory negligence, to bar the plaintiff's right to recover, must consist in some negligent act, or an act of omission or commission inconsistent with his exercise of ordinary care, and which concurring with the negligence of the defendant is the proximate cause of the resultant injury; and a mere breach of contract between the parties that lacks this element of cause and effect is insufficient.

**4. Same—Evidence—Nonsuit—Trials.**

Defendant railroad company put a spur track on plaintiff's land, to be used in supplying the latter's plant with material for manufacture, under a written agreement that plaintiff would not erect a building nearer than a certain distance from the defendant's track, etc. There was evidence tending to show that the defendant continued to operate on this spur track, and knew or should have known that a certain building was nearer the track than the contract permitted, with further evidence that by the exercise of proper care the defendant's employees could have avoided running a box car across the end of the rails, and injuring the building, for which damages are sought in the action: *Held*, it was for the jury to determine whether the negligence of the plaintiff was such contributory negligence as would bar his recovery, and defendant's motion as of nonsuit was properly overruled.

**5. Instructions—Evidence—Contentions—Appeal and Error—Objections and Exceptions.**

Exception that an instruction is not sustained by the evidence, and to a statement of the contentions of a party for the lack of evidence, comes too late after verdict to be considered on appeal.

**6. Instructions—Request for Instructions—Appeal and Error.**

An instruction will not be held for error that is sufficient upon the issue, where the appellant has failed to tender proper prayers upon a particular phase of the evidence that he wishes to have reviewed on appeal.

APPEAL by both parties from *Lyon, J.,* at June Term, 1922, of LENOIR. The issues and the answers are as follows:

"1. Was the plaintiff's plant and property injured by negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff, by its own negligence, contribute to its own injury and loss, as alleged in the answer? Answer: 'No.'

"3. What damage is the plaintiff entitled to recover of the defendant by reason of the injury done to its physical plant and property? Answer: '$9,000, and interest.'

"4. What other consequential damage is plaintiff entitled to recover of defendant? Answer: 'Nothing.'"

On the verdict, judgment was rendered, from which both parties appealed.

*Cowper, Whitaker & Allen for the plaintiff.*
*Rouse & Rouse for defendant.*

### DEFENDANT'S APPEAL.

ADAMS, J. The plaintiff is a corporation engaged in the business of constructing streets and highways, and at the time of the alleged injury to its plant (30 September, 1920) was building improved roads in the county of Lenoir. An extensive system of railways is operated by the defendant, a part of whose line is between Weldon and the city of Kinston. For the purpose of prosecuting its business the plaintiff erected an asphalt plant within or near the corporate limits of Kinston, and on 6 April, 1920, entered into a written agreement with the defendant, by the terms of which a spur track was constructed from the defendant's roadbed across and beyond its right of way, and on the plaintiff's land, in order to deliver thereon cars and material for the benefit of the plaintiff. At the trial the plaintiff offered evidence tending to show the following as facts: A decline in the grade of the spur track extended some distance from the defendant's roadbed to a level space, from the further part of which there was an upgrade to the plant; for

five or six months the defendant, in pursuance of its agreement, had regularly left the ingoing freight cars on the spur track about fifty feet from the plaintiff's buildings; and these cars were thence carried by the plaintiff's tractor to a trestle at or near the plant and were there unloaded by opening the bottom of each car and transferring the contents into a hopper underneath. Near the end of the track at the trestle there was a bumper, twelve by twelve, which was secured to the ties by a steel rod or bolt. The injury occurred on Monday morning. On the Saturday preceding the defendant switched three loaded cars into the "siding" or spur track—one with and two without brakes. On the last two the plaintiff's employees "tied" the brakes and chocked the wheels. On Monday morning the defendant shunted or "kicked" into the spur track other loaded cars, which, released from the engine, struck those already on the track with such violence as to force them up the grade. One of the cars "jumped and straddled the bumper" and ran into the plant, moving it off its base, throwing the shafts out of line, changing the structural work from a square to an angle, and doing other damage.

The defendant denied negligence and introduced evidence tending to show that the engine was moving at about four miles an hour when the cars were transferred to the spur track, and that when the engine was a car-length from the main track the engineer received a signal to stop and at once applied the brakes. The engineer testified: "When I applied my brakes couplings were not made back of where we coupled and it caused the cars to run back and hit the others," and gave his explanation of the attendant circumstances. The defendant alleged that the injury was caused by the plaintiff's contributory negligence in constructing its plant in violation of the written agreement, and, entering sundry exceptions, contended that the plaintiff's cause of action, if any, was thereby barred.

The first and second exceptions are clearly untenable and require no discussion. The third, fourth, and fifth present the defendant's objection to evidence offered by the plaintiff to show that the capacity of the plant after the repairs were completed was much less than it was before the injury.

The plaintiff repaired the machinery, but contended that as a result of the injury the former capacity of the plant could not be restored. We understand the defendant to argue, not that the work was negligently done, but that the court should not have admitted evidence tending to show both the cost of the repairs and the diminished capacity of the plant after the repairs were made. In view of the evidence, we perceive no reversible error in the admission of this evidence.

When a trespass committed upon personal property results in an injury less than the destruction or deprivation of the property, or in an

action for a negligent injury to real property, the measure of damages is the reduced market value of the property proximately caused by the negligent act, and the rule generally adopted is to allow the plaintiff the difference between the market value of the property immediately before the injury occurred and the like value immediately after the injury is complete. Sedgwick on Damages, vol. 2, sec. 435; *ibid.,* vol. 3, sec. 935 a; Shearman & Redfield on Negligence, vol. 3, sec. 750; *Spiers v. Halstead,* 74 N. C., 620; *Heiser v. Mears,* 120 N. C., 443; *Jenkins v. Lumber Co.,* 154 N. C., 355; *Farrall v. Garage Co.,* 179 N. C., 389; *Cauble v. Express Co.,* 182 N. C., 448. His Honor did not state this rule literally, but he evidently admitted the evidence for the purpose of enabling the jury to obtain the same result—the decreased value of the property, which was the measure of the plaintiff's actual loss. If as a proximate result of the injury the machinery could not be restored to its former capacity, why was not evidence of its impaired capacity admissible for the purpose of showing the extent of the damage and the decreased value of the plant? The fact that a witness was permitted to express his pecuniary estimate of such diminished capacity—particularly since he was subjected to the cross-examination of the defendant—does not entitle the defendant to another trial.

Nor can we sustain exceptions six, seven, or eight. Since the jury answered the fourth issue "Nothing," we do not see any prejudicial error in the admission of evidence relating to the value of the contract between the plaintiff and the highway commission, or to the defendant's knowledge of the purpose for which the plant was to be used; and the admission of the excerpts from the defendant's answer is sanctioned by the decisions in *Weston v. Typewriter Co.,* 183 N. C., 1; *White v. Hines,* 182 N. C., 275.

The ninth and tenth exceptions involve the soundness of the defendant's motion to dismiss the action as in case of nonsuit. This motion is based primarily upon the plaintiff's alleged breach of section seven of the written contract. The section is as follows: "The shipper shall not erect or permit to be erected any building or structure, nor permit material to be placed within six feet of the nearest rail of the sidetrack, nor permit any structure to be erected above or over the sidetrack with less clearance than 22 feet above the top of the rail. All structures erected over the sidetrack shall be built and maintained in a manner satisfactory to the chief engineer or other proper officer of the railroad."

The defendant contends that according to the undisputed evidence the plaintiff violated the terms of this provision by building within the inhibited distance and by erecting over the sidetrack a structure with a clearance less than twenty-two feet above the top of the rail, and thus by its own negligence, which continued to the moment of the injury, proxi-

mately contributed to the defendant's negligence; and further, that his Honor should have held as a conclusion of law that the concurrent negligence of the plaintiff barred its recovery.

We think there are several reasons why this argument cannot be maintained. Contributory negligence is such an act or omission on the part of the plaintiff, amounting to a want of ordinary care, as concurring or coöperating with the negligence of the defendant is the proximate cause of the injury complained of; but a breach of contract is not essentially a negligent act. In *Hurxthal v. Boom Co.,* 53 W. Va., 87; 97 A. S. R., 965, it is held that while in cases of tort if the plaintiff is guilty of contributory negligence the law forbids recovery, still this principle ordinarily does not apply where a breach of contract is a factor in the production of the injury. There is a distinction between contributory negligence and an act which merely contributes to the plaintiff's injury. "A man may contribute to his injury without affecting his right to recover. In order to defeat his right to recover he must have not only contributed to the injury, but must have contributed to it under circumstances showing negligence on his part." *Williams v. R. R.,* 9 Pac. (Cal.), 155. The law does not require that the plaintiff shall be merely a passive recipient of the injury in order to establish a right to recover of a negligent wrongdoer. It is not the contributory act, but the contributory negligence that defeats recovery. *Wyandotte v. White,* 13 Kan., 191; *Guichard v. New,* 31 N. Y. S., 1080; *Schmidt v. Cook,* 23 N. Y. S., 799. Again, even if the plaintiff was negligent in constructing the buildings in breach of the contract, still if the defendant, with knowledge of the danger, could have avoided the injury by the exercise of ordinary care, and failed to use such care, the negligence of the defendant and not that of the plaintiff would be deemed the proximate cause. In this jurisdiction the defendant's actual knowledge of the danger is not essential; here the principle upon which the doctrine of discovered peril is based is extended to cases where the defendant might have discovered the peril by the exercise of reasonable care, for he who has the last opportunity of avoiding the injury is not excused by the negligence of another. Shearman & Redfield, *supra,* vol. 1, sec. 99; *Pickett v. R. R.,* 117 N. C., 616; *Fulp v. R. R.,* 120 N. C., 525; *McLamb v. R. R.,* 122 N. C., 873; *Bogan v. R. R.,* 129 N. C., 157; *Ray v. R. R.,* 141 N. C., 84; *Haynes v. R. R.,* 182 N. C., 679. The exception, as we understand it, does not depend so much on the question whether the contract concerning the location of the buildings could be waived by the subordinate employees of the defendant, as on the question whether the employees who were charged with the duty of placing cars on the spur track by the exercise of ordinary care should have discovered the peril and avoided the injury. There was evidence to the effect that the

employees of the defendant had been running cars into the spur track for several months, and that they had constructive if not actual knowledge of the buildings and their location, and that on the day the accident occurred they could have prevented the injury by the use of due care; and this precluded the dismissal of the action.

The defendant excepted to the court's instruction upon the second issue on the ground that there was no evidence that the defendant had assented to or acquiesced in the location of the plaintiff's buildings in breach of the contract; but the defendant did not call his Honor's attention to the objection at the time, either orally or by written request for further instruction. When the objection that there is no evidence, or that the evidence is not sufficient, is first made after the verdict, it is too late, and will not be considered. *Mining Co. v. Mica Co.,* 184 N. C., 490, and cases cited. This principle applies also to the exceptions to the court's statement of the contentions of the parties. *S. v. Lance,* 149 N. C., 555; *La Roque v. Kennedy,* 156 N. C., 372; *Phifer v. Comrs.,* 157 N. C., 150; *S. v. Kincaid,* 183 N. C., 710.

The instructions upon the first and third issues were not unfavorable to the defendant, and the subject of the twenty-second exception was the final statement of a contention relating to consequential damages as to which the issue was answered against the plaintiff.

A careful review of the record discloses no error in the defendant's appeal.

No error.

### PLAINTIFF'S APPEAL.

ADAMS, J. The plaintiff's motion to set aside the verdict of the jury on the fourth issue was refused. The plaintiff excepted to the ruling, and now insists that it is entitled to consequential damages as a matter of law. This is the only question in the appeal. The plaintiff's claim that the consequential damages were $6,713.21 was denied by the defendant, and his Honor, after stating the several and respective contentions, instructed the jury to allow such consequential damages as were caused by the defendant's negligence.

The instruction was concise, but it presented the chief features of the controversy, and if the plaintiff desired that some special phase of the evidence should be explained, or some special principle of law applied, it should have submitted appropriate prayers for instructions; and having failed to do so, it cannot demand as a legal right that the verdict upon the fourth issue be set aside and only the matters involved therein be submitted to another jury. *Jarrett v. Trunk Co.,* 144 N. C., 301; *Lea v. Utilities Co.,* 176 N. C., 514; *Butler v. Mfg. Co.,* 182 N. C., 552.

In the plaintiff's appeal we find

No error.