WILLIAM T. STEWART v YELLOW CAB COMPANY, a CORPORATION.

(Filed 30 April. 1947.)

**1. Automobiles § 18h (2)—**

Conflicting evidence as to the speed of the respective cars in approaching and entering an intersection at right angles, and as to whether the stop lights were green or red as to each vehicle when it entered the intersection, and as to which entered the intersection first, presents determinative questions of fact for the jury and requires overruling of defendant's motion to nonsuit.

**2. Automobiles § 18i: Negligence § 20—**

An instruction upon the issue of contributory negligence which is predicated upon a finding by the jury that defendant had observed all traffic regulations applicable to him must be held for reversible error, since contributory negligence, *ex vi termini,* is predicated upon negligence on the part of defendant with which the negligence of the plaintiff concurs and contributes in producing the injury.

DEFENDANT'S appeal from *Alley, J.,* at November Term, 1946, of MECKLENBURG.

*Helms & Mulliss, Fred B. Helms,* and *James B. McMillan* for defendant, appellant.
*Henry L. Strickland* and *J. Laurence Jones* for plaintiff, appellee.

SEAWELL, J. This was an action to recover damages for negligent injury to the person and property of plaintiff incurred in a collision

between the Company's cab and plaintiff's automobile within the intersection of North Tryon and Fifth Streets, in the City of Charlotte.

The trial resulted in an adverse verdict and judgment from which the defendant appealed. The determinative questions on this review involve the propriety of the order overruling defendant's demurrer to the evidence and the soundness of the instruction to the jury on the issue of contributory negligence set out below.

It appears that at the *locus* of the collision North Tryon Street is 65 feet wide from curb to curb, and runs north and south; Fifth Street is 26 feet wide and runs east and west. There was a stop light at each corner of the intersection.

The plaintiff's car was being driven in a southerly direction on Tryon Street and defendant's taxicab in a westerly direction on Fifth. The points of impact on the two vehicles were the left front of plaintiff's car and the right front part of the taxicab, about the front wheel. The taxicab was in a position somewhat turned to the south after the collision and the front left wheel of plaintiff's car had apparently engaged the right front wheel of the taxicab. The collision occurred near the west side of Tryon Street.

The evidence is sharply conflicting with regard to the speed of both taxicab and car in approaching and traversing the intersection; whether the stop lights were green or red when the taxicab entered, and whether green or red when the plaintiff's car entered; and as to which entered the intersection first.

All these factors, and others not catalogued, are important and are relative to each other in their bearing upon the conduct of the parties, whether the plaintiff or the defendant. The differences are such that a factual finding upon any outstanding feature might fix the blame on either party or make it mutual. Such a finding is for the jury. *Cole v. Koonce,* 214 N. C., 188, 191, 198 S. E., 637; *Caldwell v. R. R.,* 218 N. C., 63, 10 S. E. (2d), 680; *Christopher v. Fair Association,* 216 N. C., 795, 4 S. E. (2d), 513; *Manheim v. Taxi Corporation,* 214 N. C., 689, 691, 200 S. E., 382; *Sebastian v. Motor Lines,* 213 N. C., 770, 774, 197 S. E., 539.

The exception to the charge brings under review the following instruction to the jury on the second issue,—presenting the question of contributory negligence:

> "So, with respect to the second issue, the burden of proof on which is on the defendant, if you find by the greater weight of the evidence that on the said 27th day of June, 1944, the defendant through its driver Mr. McGowan, was driving its cab on Fifth Street, going west, that he approached Fifth Street on a green light, and entered the intersection on a green light, until he got about the center or a

little beyond the center thereof, and that at the same time the plaintiff's car, being driven by a Miss Gamble by his direction or by his consent and acquiescence, was approaching said intersection on Tryon Street, going south, and that she was driving said car under a red light, and that she was making a speed of from thirty to thirty-five miles an hour, and at such speed and under said red light entered said intersection, and drove her car, and drove the plaintiff's car in such manner that it crashed into and collided with the defendant's cab, thereby causing the injury to the cab complained of, I charge you that that would be contributory negligence on the part of the plaintiff, his negligence being attributable to the driver who was driving with his consent or direction, and if you find that such negligence concurred and continued up to the time of an injury and contributed to it and without which the injury would not have occurred, then I charge you that it would be contributory negligence and if you so find it would be your duty to answer the second issue Yes. If you fail to so find, it would be your duty to answer the second issue No."

Appellee regards this as merely an adaptation of the law to the facts in evidence. The appellant argues that the instruction is so categorized and contingently stated as to put the burden on defendant to show itself free from fault, at least in the particulars set out, in order to avail itself of the plea of contributory negligence on the part of plaintiff. The exception, we think, is well taken. The instruction is strikingly similar to that reviewed in *Ogle v. Gibson,* 214 N. C., 127, 128, 198 S. E., 598, in which the Court observed:

"There could be no contributory negligence unless the defendants were also negligent. It is the contribution which a plaintiff makes to the negligence of the defendants as a proximate cause of the injury which bars the right to recover." *Ballew v. R. R.,* 186 N. C., 704, 120 S. E., 334; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488; *Elder v. R. R.,* 194 N. C., 617, 140 S. E., 298; *Construction Co. v. R. R.,* 185 N. C., 43, 116 S. E., 3.

The instruction violates the principle thus announced and must be held for error, entitling the defendant to a new trial. It is so ordered.

New trial.