The undersigned have reviewed the record and the prior order filed by Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or amend the Decision and Order.
* * * * * * * * * * *
It appearing to the undersigned that defendant is entitled to a judgment as a matter of law; the undersigned enter the following:
FINDINGS OF FACT
1. By Affidavit filed with the Commission on October 31, 1995, plaintiff alleged damages in the amount of $25,000 due to the actions of named State employees Ed McMichael and Lieutenant Peele in placing plaintiff in administrative segregation at Caledonia Correctional Institution.
2. The decision to place inmates into administrative segregation is not negligence but rather a deliberate, intentional decision.
3. The North Carolina State Tort Claims Act, N.C.G.S.143-291 et seq., allows claims arising from the negligence of any officer, involuntary servant, or agent of the State to be brought before the North Carolina Industrial Commission.
4. The allegations in plaintiff's affidavit do not contain any evidence of negligence by defendant or defendant's agents/employees. Plaintiff's affidavit alleges intentional conduct, criminal conduct, or violations of plaintiff's civil rights. He is claiming damages of "(i)ntentional confinement, false imprisonment, intentionally and recklessly caus(ing) plaintiff mental anguish, intentional misconduct, negligent conduct, physical harm."
5. Even if every allegation of fact were true, there would be no valid claim under the North Carolina Tort Claims Act. Plaintiff alleges due process and civil rights violations which may be actionable under federal law, but no valid claim under the North Carolina Tort Claims Act has been stated by plaintiff.
* * * * * * * * * * *
CONCLUSION OF LAW
In that the allegations in plaintiff's Affidavit concern intentional, deliberate actions by defendant or its agents and fail to state a claim based upon the negligence of any named state employee, the Industrial Commission does not have jurisdiction over plaintiff's claims.Braswell v. University, 5 N.C. App. 1, 168 S.E.2d 24 (1969);Jenkins v. Department of Motor Vehicles, 244 N.C. 560,94 S.E.2d 577 (1956).
* * * * * * * * * * *
The Full Commission affirms the holding of the Deputy Commissioner Ford and enters the following:
ORDER
It is therefore ORDERED that summary judgment is granted in favor of defendant against plaintiff and that this matter is DISMISSED WITH PREJUDICE.
Each side shall bear their own costs.
This is the _____ day of December, 1996.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER