The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
The Full Commission finds as fact the following:
 FINDINGS OF FACT
1. Plaintiff is an inmate who filed a tort claim in this matter claiming assault by a fellow inmate and a "cover-up" by the named employees of the Department of Correction.
2. Plaintiff presented no evidence of any negligent acts to support his claim. Although plaintiff cites "negligence" in his affidavit, the evidence presented by plaintiff does not support a claim for negligence but rather for intentional acts.
3. Defendant filed a motion to dismiss based on the grounds that no negligent acts are alleged.
4. At the hearing before the Deputy Commissioner, plaintiff requested a continuance of the case.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to state a claim upon which relief may be granted and therefore defendant is entitled to a dismissal on the grounds that plaintiff's claim lacks any allegations or evidence of negligent acts. Allegations of intentional acts and violations of statutes are not within the subject matter jurisdiction of the Industrial Commission.Jenkins v. North Carolina Department of Motor Vehicles, 244 N.C. 560,94 S.E.2d 577 (1956).
2. Furthermore, plaintiff in his complaint has failed to name any negligent employee or agent of defendant. To recover under the Tort Claims Act, a plaintiff must identify the specific employees alleged to have been negligent and set forth the specific act or acts of negligence relied upon. Ayscoe v. North Carolina State Highway Commission,270 N.C. 100, 153 S.E.2d 823 (1967).
3. As there are no reasonable grounds or possible benefit from further delay, plaintiff was not entitled to a continuance before the Deputy Commission and the denial of the continuance was proper.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claims must be, and the same are hereby, DISMISSED WITH PREJUDICE.
3. Each party shall bear its own costs.
This the ___ day of December 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER