***********
The Full Commission reviewed the prior Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the Motions before the Full Commission. This case was heard before Special Deputy Commissioner Taylor via videoconference in Raleigh, North Carolina, on May 7, 2008. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. This matter came before Special Deputy Commissioner Taylor on defendant's Motion to Dismiss with Prejudice on May 7, 2008. Specifically, defendant moved to dismiss based on plaintiff's allegation of an intentional act.
2. Plaintiff alleged in the Tort Claim Affidavit filed with the North Carolina Industrial Commission that on March 23, 2000, while a prisoner at Polk Youth Institution, while inmate Belcher was lying down with his hands cuffed behind his back, that Correctional Officer McLeod walked up and kicked him causing injury to his mouth and teeth.
3. Defendant moved to dismiss Plaintiff's claim on the grounds that: Plaintiff's affidavit alleges willful and wanton action by Defendant's employee. Injuries intentionally inflicted by employee of the state are not compensable under the Tort Claims Act. Braswell v. North Carolina A T State University, 5 N.C. App. 1, 168 S.E.2d 24 (1969).
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. Plaintiff has failed to name such an agency of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Belcher's affidavit shows alleged constitutional violations and intentional acts on *Page 3 
the part of the Defendant when Belcher stated that an officer kicked him. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. North Carolina A T StateUniversity, 5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Departmentof Motor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956).
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Belcher was permitted to file this civil action in forma pauperis.
This the __ day of January, 2009.
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA YOUNG *Page 4 
CHAIR *Page 1