* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order except for minor modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS *Page 2 
1. A hearing on the Defendant's, North Carolina Department of Correction (hereinafter "NCDOC"), Motion to Dismiss was Held on May 8, 2008.
2. This is an action filed by James A.G. Bunch (hereinafter "Bunch") pursuant to N.C. Gen. Stat. § 143-291 et seq. against the North Carolina Department of Corrections (hereinafter "NCDOC").
3. NCDOC is an agency of the State of North Carolina.
4. Plaintiff alleges:
 a. That NCDOC officers and/or employees required Bunch to sit at a table with other inmates who had pork on their dining trays; denial of prayer and other such violations.
 b. Bunch described events at the hearing that demonstrated violations of his civil and constitutionals rights through the application of NCDOC policies and procedures.
5. NCDOC moved to dismiss Bunch's claims asserting several grounds, but most notable, is lack of subject matter jurisdiction on the basis that Bunch alleged constitutional violations and intentional acts, not negligent acts.
 * * * * * * * * * * *
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAWS
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 3 
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Bunch's Affidavit and argument at the hearing shows alleged constitutional violations and intentional acts on the part of the Defendant. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. N.C. A T University,5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Department of Motor Veh.,244 N.C. 560, 94 S.E.2d 577 (1956).
 * * * * * * * * * * *
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Bunch's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Bunch was permitted to file this civil actionin forma pauperis.
This the __ day of March 2009.
S/_____________ DANNY LEE McDONALD COMMISSIONER
CONCURRING: *Page 4 
 S/_____________ STACI T. MEYER COMMISSIONER
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1