* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing part has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order except for modifications.
 * * * * * * * * * * *
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. A hearing on the Defendant's, North Carolina Department of Correction (hereinafter "NCDOC"), Motion to Dismiss was held on May 8, 2008.
2. This is an action filed by James A.G. Bunch (hereinafter "Bunch") pursuant to the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq. against the North Carolina Department of Corrections (hereinafter "NCDOC"
3. NCDOC is an agency of the State of North Carolina.
4. Plaintiff alleges:
 a. NCDOC allowed other inmates who were in Bunch's presence to smoke cigarettes and thus subjected Bunch to an offensive un-consented contact (battery) with the carcinogens contained in the second hand smoke.
 b. Bunch alleges events at the hearing that demonstrated violations of his civil and constitutional rights when a correctional officer(s) allowed other inmates to smoke while riding in a state-owned prisoner transport van which had "no smoking" signs posted.
 c. Bunch's affidavit speculated that future damages would arise from exposure to cancer causing carcinogens. During the hearing, Bunch stated that he correlated an ear infection, breathing problems, and elevated blood pressure to his exposure to second hand smoke.
5. NCDOC moved to dismiss Bunch's claim asserting several grounds, but most notable is lack of subject matter jurisdiction on the basis that Bunch alleged constitutional violations and intentional acts, not negligent acts.
 * * * * * * * * * * * *Page 3 
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Bunch's Affidavit and argument at hearing shows alleged constitutional violations and intentional acts on the part of the Defendant. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. N.C. A T University,5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Department of Motor Veh.,244 N.C. 560, 94 S.E.2d 577 (1956).
 * * * * * * * * * * *
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Bunch's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Bunch was permitted to file this civil actionin forma pauperis.
This the __ day of March 2009. *Page 4 S/_______________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_______________ STACI T. MEYER COMMISSIONER
 S/_______________ PAMELA T. YOUNG CHAIR *Page 1