***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives, or amend the Decision and Order except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS *Page 2 
1. A hearing on the Defendant's, North Carolina Department of Correction (hereinafter "NCDOC"), Motion to Dismiss was Held on May 8, 2008.
2. This is an action filed by James A.G. Bunch (hereinafter "Bunch") pursuant to the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291et seq. against the North Carolina Department of Corrections (hereinafter "NCDOC."
3. NCDOC is an agency of the State of North Carolina.
4. The Plaintiff, James A.G. Bunch (hereinafter "Bunch"), alleges in his written allegations essentially that his constitutional rights were violated by NCDOC Correctional Officers, employees, and/or agents who intentionally conspired to allow false statements as the basis for Bunch being subjected to elevated disciplinary punishments; and that
 a. NCDOC "negligently" failed to enact policies and procedures to investigate claims and conduct of employed officers.
 b. Bunch described events at the hearing that demonstrated violations of his civil and constitutional rights through conspiracy of NCDOC Officers to submit slanderous false reports to convict Bunch of violations of various DOC rules; and
 c. Bunch advised that he was injured as a result of the NCDOC officers' improper and "negligent" conduct and requested and injunction from being subjected to such future conduct from NCDOC.
5. NCDOC moved to dismiss Bunch's claim asserting several grounds, but most notable is lack of subject matter jurisdiction on the basis that Bunch alleged intentional acts, not negligent acts.
 *********** *Page 3 
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAWS
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Bunch's Affidavit and argument at the hearing shows alleged constitutional violations and intentional acts on the part of the Defendant. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. N.C. A T University,5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Department of Motor Veh.,244 N.C, 560, 94 S.E.2d 577 (1956).
4. The Industrial Commission lacks jurisdiction over the NCDOC's development and/or implementation of policies and procedures not mandated by statute.
5. The Industrial Commission lacks the authority to award specific performance (an injunction) as a remedy. Therefore, assuming any of Bunch's claims were in the alternative able to be considered tort actions, the claims would be dismissed because the Industrial Commission could not provide a remedy or cure requested by Bunch.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER *Page 4 
1. Bunch's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Bunch was permitted to file this civil actionin forma pauperis.
This the __ day of March 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1