***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS: *Page 2 
1. A hearing on the Defendant's, North Carolina Department of Correction (hereinafter"NCDOC"), Motion to Dismiss was Held on May 8, 2008.
2. The Plaintiff, James A.G. Bunch (hereinafter "Bunch"), describes in his written allegations essentially that his constitutional rights were violated in the Tort Claim Affidavit Bunch filed with the North Carolina Industrial Commission when a Correctional Officer(s) of the NCDOC required him to shower unclothed in the direct view of female staff. Bunch described events at the hearing that demonstrated violations of his civil and constitutional rights through the use of the described practices by a correctional officer. NCDOC eventually changed the policy with the assistance of religious coordinators. Bunch did not allege any physical injury rather that he was denied access to showers to avoid a fine.
3. On August 20, 2003, Commissioner Ballance granted an extension for NCDOC to file an Answer to the claim by October 22, 2003.
4. On or about October 15, 2003, NCDOC filed an Answer to Bunch's claim and moved to dismiss Bunch's claim asserting several grounds, but notable lack of subject matter jurisdiction basis that Bunch alleged constitutional violations and intentional acts, not negligent acts.
5. Bunch filed an Affidavit for Entry of Default for NCDOC's failure to file an Answer to the Claim.
6. NCDOC filed a Response to Plaintiff's Affidavit for Entry of Default.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAWS: *Page 3 
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Bunch's Affidavit and argument at the hearing shows alleged constitutional violations and intentional acts on the part of the Defendant. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. N.C. A T University,5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Department of Motor Veh.,244 N.C, 560, 94 S.E.2d 577 (1956).
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Bunch's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Bunch was permitted to file this civil actionin forma pauperis.
This the __ day of March 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 4 
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1