***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Hall and the assignments of error and/or briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or to rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS, the Decision and Order of Deputy Commissioner Hall and enters the following Decision and Order.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on the Defendant's Motion for Judgment on the Pleadings was held on February 5, 2009. *Page 2 
2. Plaintiff James Bunch (hereinafter "Bunch") alleges in his complaint that NCDOC employees negligently failed and refused to protect him from the dangers of second-hand smoke.
3. NCDOC moved to dismiss Bunch's claim under Rule 12(b)(6) for failure to state a claim upon which relief may be granted and on the ground that the proximate cause of Bunch's alleged injury is the intentional conduct of parties not mentioned in Bunch's affidavit.
4. Bunch filed a "brief in opposition to Defendant's Motion to Dismiss" alleging he "was denied medical care for a specific complaint by doctors at Nash, Marion, and Pasquotank." Bunch also alleged that "the primary allegations against the defendants are based on their negligent denial of medical treatment, delayed treatment, refusal to treat, premature discharge, and reckless endangerment." The Full Commission treats this as a Motion to Amend the initial claim filed on Bunch's Form T-1, and grants the Motion to Amend and also addresses that claim in this order.
5. Bunch did not provide an affidavit from a doctor or medical expert pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988). *Page 3 
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Although Bunch alleges negligence, the acts of the NCDOC employees were following notice of Bunch's claim and grievances filed by Bunch and, therefore, were intentional acts. Bunch has failed to allege any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
4. Intentional acts and constitutional violations are not torts and therefore are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations.Braswell v. University, 5 N.C. App. 1, 168 S.E.2d 24 (1969);Jenkins v. Department of Motor Vehicles, 244 N.C. 560,94 S.E.2d 577 (1956).
5. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care; *Page 4 
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
6. Pursuant to N.C. Gen. Stat. § 90-21.12, Bunch must show that the NCDOC physician provided him with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus., Inc., 61 N.C. App. 211,300 S.E.2d 557 (1983).
 ***********
Based on the foregoing findings of fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Bunch's claim stated in his initial affidavit for intentional acts under the State Tort Claims Act is hereby DISMISSED WITH PREJUDICE.
2. Bunch's additional claim for medical negligence is hereby DISMISSED WITHOUT PREJUDICE and Bunch shall have one year from the filed date of this order in which to re-file the claim with appropriate affidavit required by Rule 9(j). *Page 5 
No costs are taxed as Plaintiff Bunch was permitted to file this civil action in forma pauperis.
This the ___ day of January, 2010.
 S/_______________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ PAMELA T. YOUNG CHAIR
S/_______________ DANNY LEE McDONALD COMMISSIONER *Page 1