Gaston, Judge.
 

 — We have had some difficulty in understanding the record in this case, and are by no means confident that the exposition, which we have found ourselves constrained to put upon it, does not conflict with the inten-
 
 *4
 
 tidn of the parties to the controversy. Should it be so, it may be proper to remark, that the recurrence of similar inconveniences hereafter, can only be prevented by counsel taking care to have entered of record, whatever amendments may be made in the pleadings below. Our attention is confined to the transcript sent up, and we are obliged to render thereon, such judgment, as it appears to us, ought to have been rendered in the Court from which the appeal is taken. This transcript shows that the plaintiff commenced his action by a warrant before a justice, summoning the defendant as administrator of Thomas Neville, jun. to answer the plaintiff in an action of debt, due by account to the amount of sixty dollars. A judgment having been rendered on this warrant in favour of the plaintiff, the defendant appealed therefrom to the County and afterwards to the Superior Court. To the plaintiff’s action, after it came into Court, the defendant put in a memorandum of the pleas of
 
 general issue, payment, set of
 
 and the
 
 statute of limitations,
 
 but made no defence because of a deficiency of assets; The case drawn up by the Judge who tried the cause in the Superior Court, which case forms a part of the transcript, states that the action tried was
 
 assumpsit.
 
 We feel ourselves therefore bound to understand that either by consent, or by leave of the Court, the form of the action, was thus far altered, but there is nothing from which we can see, that it was also changed from an action against the defendant in his representative character, to one against him personally. The jury found a verdict for the plaintiff on all the issues, and assessed his damages as in
 
 assumpsit
 
 to forty-six dollars, of which forty dollars was principal money, subject to the opinion of the Court upon a case stated. This case shows a verbal contract of a lease for a year between the plaintiff and the defendant’s intestate, with an agreement that the plaintiff by way of collateral security, might hold on the crop until the rent was paid — ■ and that the plaintiff after the death of the defendant’s intestate relinquished this collateral security, and agreed with the defendant to assert his right to this demand by suit. The Court upon this verdict, gave a judgment for the plaintiff, which was entered up upon the record against the
 
 *5
 
 defendant personally, and thereupon the defendant appealed.
 

 From this analysis of the record, it appears that there is error in the judgment, because it is rendered against the defendant
 
 de bonis propriis,
 
 upon a demand wherein he is sued in his representative character, and for this error, it must be reversed with costs to the appellant in this Court. And proceeding then to render such a judgment, as on the whole record, it appears to us, ought to have been entered in the Court below, we shall give the plaintiff a judgment for his forty-six dollars damages, with .interest on forty dollars from the time of the judgment below, and his costs before the appeal, to be levied of the goods of the intestate in the hands of the defendant, if he have so much thereof to be administered, and if not, then the costs to be levied of the defendant’s own property.
 

 Per Curiam. Judgment accordingly.