Ruffin, C. J.
 

 The Court is inclined to the opinion, that the testimony of Love, though not as definite and predis# as it-might and ought to have been, is so expressed as to render it probable, that the witness meant to depose, that the patentee left the two daughters named in the deposition, and also a son, James Holland, Junior, who afterwards died leaving the three infant children, who are the other relators ; and that they and their two Aunts were, therefore, believed by the witness to be the heirs of the elder James Holland, deceasecT. That seems to have been so probably the meaning of the witness, as to have rendered it proper to leave the evidence to the jury for their inference upon that point. But it is not requisite to decide that question, since;, if held to be for the appellants, it would entitle them only
 
 *280
 
 to
 
 & venire de novo
 
 / whereas they were entitled in law toa judgment vacating the grant upon the verdict as it stands, and supposing it right in respect of the finding as to the heirs of the elder Holland. The judgment rendered on the scire
 
 facias
 
 was in behalf of the átate ; and it was held in
 
 McRee
 
 v.
 
 Alexander
 
 3 Hawks 322, that where the
 
 scire facias
 
 was awarded at the instance of three relators, of whom one only had any existing title to the premises, the misjoinder was yet no bar to the judgment vacating the grant, and that judgment was given. Afterwards in ejectment upon the demises of the three, there was judgment against the defendant for the one third in favor of one of the lessors of the plantiff and in the defendant’s favor as to the other two thirds, because those two lessors had been barred by the statute of limitations Operating on the de-’ fendant’s possession for more than seven years under the vacated grant.
 
 McRee
 
 v.
 
 Alexander,
 
 1 Dev. 321. In
 
 Moyle
 
 v.
 
 Logan,
 
 4 Dev. 495, the first case of
 
 McRee
 
 v.
 
 Alexander
 
 is mentioned as establishing, that a suit at the instance of several relators may be maintained upon the right of one of them alone, and the determination of the Court expressed to adhere to the decision. Those authorities are conclusive, that there ought to be judgment vacating the grant
 
 non obstante veredicto,
 
 unless there be other grounds for refusing it. Several are alleged; but they appear
 
 to
 
 the Court to'be all insufficient. The variance between the relators in the petition and the
 
 scire facias
 
 is cured by the order for amendment. It is true, the amendment was not actually made. But the
 
 scire facias
 
 was issued upon the assumption oí the amendment, and all the subsequent proceedings were based upon the supposition, that one was as properly a relator as the other; and in such case the course is to consider the order as standing for the amendment itself»
 
 Ufford
 
 v.
 
 Lucas,
 
 2 Hawks 214.
 

 It is contended further for the defendants, that there ■ought not to be judgment against them, because there ivas
 
 *281
 
 error in leaving the ease to the jury upon insufficient evidence as to the knowledge of Crow, the patentee, of the previous grant to Holland, at the time he made his entry. But the Court thinks the evidence was competent, and that its sufficiency depended on the conviction it produced in the minds of the jury, that the John Crow, of whom the witness spoke, was or was not the same person, who by that name obtained the patent. Under the circumstances, the evidence was not only competent, but in the judgment of most persons would be deemed sufficient. There was no suggestion, that there were about that period two persons of that name in that part of the country — .much less that the Holland Old Fields had been entered by more than one of them. Besides, the knowledge by the patentee, Crow, of Holland’s grant, when he made his own entry, is. but a reasonable inference from that part of the answer, in which the defendants insist, that Crow did not procure his grant with a knowledge, that the land was not subject to. entry, not because he was not aware that Holland had entered it and got his grant, but because Holland’s entry and grant were void for certain reasons assigned, and, for that, reason, the land was vacant and unappropriated. The facts were, therefore, properly left to the jury on that issue.
 

 The answers also refute- in point of fact, the last objection of the defendants — that the grant to Crow did not aggrieve the relators, as it had caused them no disturbance. For, the defendants state explicitly, that under the grant ta Crow, some of them had at different times, during nearly the whole period from 1820, disputed the title under Holland’s, grant and been in litigation in some form with the tenants of the relators for the possession of the land. Indeed, if that were not the fact, the relators would have a right to. this remedy ; since the subsequent grant is
 
 per se
 
 a cloud upon the owner’s title, and, so, a grievance to him;
 
 Hoyt
 
 v
 
 Rich,
 
 4 Dev. 533. As to imputations in the answers
 
 *282
 
 against the grant to Holland, upon which it is alleged to be void, it is to be remarked, that these parties, claiming under a junior patent, cannot even impeach it directly, and much less can they do it in this collateral manner;
 
 Crow
 
 v
 
 Holland,
 
 4 Dev. 417. Besides, those matters, though stated in the answers, are not pleaded to the
 
 scire facias.
 
 Therefore, the judgment must be reversed, and a judgment given accoi’ding to the statute, that the grant be repealed and va■cated, and for costs-against the defendants.
 

 Per Curiam. . Judgment accordingly.