THEODORE OSTROWSKI, AN INFANT, BY HIS NEXT FRIEND, BENJAMIN OSTROWSKI, AND BENJAMIN OSTROWSKI AND MARY OSTROWSKI, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. ALBINA ZOLNIEROWICZ AND FRANK ZOLNIEROWICZ, DEFENDANTS-APPELLANTS, AND JOHN ZOLNIEROWICZ ET AL., DEFENDANTS.

Submitted October 1, 1940—Decided December 17, 1940.

Before Justices Trenchard, Bodine and Porter.

For the defendants-appellants, *Raymond Chasan* and *Richard Doherty*.

For the plaintiffs-respondents, *James A. McTague*.

Bodine, J. This case was tried before Judge Walker in the Hudson Common Pleas. Before he resigned to become a judge of the United States Court for this District, he made a rule to show cause why a new trial should not be granted. Having resigned before the return date of the rule the matter was in due course brought by consent of the parties before a judge of the Pleas, who dismissed the rule, among other things, because of lack of jurisdiction to review another judge's judgment in submitting the case to the jury. He could have decided the question of a new trial on the merits, since this question was open and the parties had consented to his disposition. *Levy* v. *Davis*, 2 *N. J. Mis. R.* 106. We assume that he did, since it would have been error to refuse, because he not only had the authority because of the consent, but also under *N. J. S. A.* 2 :6-8, which gives each judge of the Court of Common Pleas within the county the powers of any judge of the court. For convenience, a rule is usually heard by the judge who grants it. In a statutory proceeding perhaps it may be very necessary; but where death or resignation occurs the necessity for judicial action requires an orderly disposition of undetermined matters. See reasoning in *North Bergen Township* v. *Gough*, 107 *N. J. L.* 424.

But the learned judge also said in his opinion: "After carefully considering the record and the briefs of counsel, I have come to the conclusion that the rule must be dismissed."

"If the court, whose decision is under review reached the right result even for a wrong reason the judgment should not be disturbed. Hence errors may be assigned on the record only and not upon the opinion of the court below." *Burhans* v. *City of Paterson,* 99 *N. J. L.* 490.

We have, however, carefully reviewed the evidence and can only conclude that the issues were for the jury and were properly submitted. The infant plaintiff, in this case, was severely burned in a street fire in Jersey City.

"The starting of a fire in a public street is the committing of a nuisance, and the wrongdoer, in leaving it still burning and unguarded is responsible for the consequential damages which may be reasonably apprehended will result from such an act; one of them being that very young children without capacity to estimate or appreciate the danger may, while playing in the street, interfere with it." *Davenport* v. *McClellan,* 88 *N. J. L.* 653.

He (by his next friend) and his parents sued the defendants for consequential damages. There were proofs that the defendants Frank and Albina Zolnierowicz owned an interest in and occupied premises situate at 5-8 Senate Place, Jersey City. At the time of the fire they were engaged in tearing down some old shacks in the rear. Tarpaper and other rubbish were placed in the street and set on fire by Anthony Zolnierowicz, a minor, who was working with the adults in the cleaning up of their property.

There was a denial of placing the rubbish in the street and the burning thereof. The jury could, however, have found otherwise. The proof that all were participating in the improvement would justify a conclusion that the steps taken by the younger Zolnierowicz were with the approval of the adults because several days were consumed in tearing down the shacks and burning the debris. The mere fact that the younger man alone brought out the debris and set it on fire makes him no less an agent, since all were present performing work to clear their property. Conduct can prove the fact. *Columbia Delaware Bridge* v. *Geisse,* 38 *N. J. L.* 39; *affirmed, Ibid.* 580.

The judgment is affirmed.