WAYNE CRAWFORD, B/N/F MARY V. CRAWFORD v. WAYNE COUNTY BOARD OF EDUCATION

No. 68SIC298

(Filed 31 December 1968)

1. State § 7— tort claim against State — requisites of affidavit

It is necessary to recovery under the Tort Claims Act that the affidavit of the claimant set forth the name of the allegedly negligent employee and the acts of negligence relied upon.

2. Pleadings § 33— scope of amendment — jurisdiction

A pleading may not be amended so as to confer jurisdiction in a particular case stated, but there may be an amendment to show that the jurisdiction exists.

3. Master and Servant § 85— determination of jurisdiction of Industrial Commission

Determination of jurisdiction is the first order of business in every proceeding before the Industrial Commission, and the determination of facts must be found from judicial admissions made by the parties, facts agreed, stipulations entered into and noted at the hearing, and evidence offered in open court, after all parties have been given full opportunity to be heard.

4. Master and Servant § 93— procedure of the Commission

The manner in which the Industrial Commission transacts its business need not necessarily conform to court procedure.

5. State § 7— amendment of tort claim

In a proceeding under the Tort Claims Act, the Industrial Commission properly allowed amendment of claimant's affidavit to allege the name of the negligent state employee, since the amendment served the purpose of showing the existence of jurisdiction rather than conferring it.

6. Pleadings § 32— effect of amendment allowed in open court

An amendment allowed in open court, appearing in the record, is self-executing, although the better practice is to reduce it to writing.

**7. State § 7— proceeding before Industrial Commission — waiver of objection to second hearing before another Commissioner**

In this Tort Claims Act proceeding, where defendant county board of education made no objection to the member of the Industrial Commission who conducted the second hearing, the first hearing and award being conducted by another member of the Commission, the defendant *is held* to have waived any objection thereto, especially when defendant joined in the request for a second hearing and had sufficient notice beforehand as to the identity of the Commissioner.

**8. State § 8— tort claims proceeding — contributory negligence of minor claimant**

Where Industrial Commissioner found as a fact that minor claimant was not guilty of contributory negligence in a school bus accident, the question is not presented whether the Commission erred in its conclusion of law that the claimant was conclusively presumed incapable of contributory negligence, since the Commission's finding of fact supported by competent evidence is binding on appeal.

APPEAL by defendant from opinion and award of Industrial Commission filed 7 May 1968.

This is a proceeding under the Tort Claims Act, the claimant filing affidavit on 12 September 1966 in purported compliance with G.S. 143-300.1 and G.S. 143-297.

Claimant's affidavit was substantially in the form prescribed by the statutes aforesaid, except that the space provided for the name of the allegedly negligent employee on the printed form used was left blank.

When the claim came on for hearing before Deputy Commissioner Thomas, defendant demurred *ore tenus,* contending that the affidavit was fatally defective for failure to contain the name of the allegedly negligent employee. Plaintiff's counsel advised the deputy commissioner that he would like to amend the affidavit to include the name of Roy Batten, the driver of bus 116. The deputy commissioner granted the request, and although the record contains the request and permission to amend, the amendment was never written into the affidavit.

The record discloses that the deputy commissioner inquired of defendant's counsel if he was being taken by surprise by the amendment. Defendant's counsel replied that he had discussed the proposed amendment with plaintiff's counsel prior to the hearing.

At the suggestion of the deputy commissioner, defendant's counsel expressed his willingness to stipulate that Roy Batten was an employee of the defendant and that Roy Batten was paid out of the nine-months school fund.

Thereafter, evidence was introduced by the plaintiff. Because of the unavailability of certain witnesses at the original hearing, an additional hearing was held on 2 October 1967 before Commissioner Shuford, at which time defendant put on its evidence. Later, on 15 February 1968, the parties stipulated narrative medical reports into evidence. Deputy Commissioner Thomas filed his order 16 February 1968, awarding the claimant $8,000, which award was affirmed by the full Commission on 7 May 1968.

The facts of the case were not in substantial controversy and tended to show the following:

The claimant was a six-year-old first grade student at Pikeville School in Wayne County, N. C. The school had a half-circle drive-way with the entrance at the north end and exit at the south end. Defendant's bus was driven by Milton Leroy (Roy) Batten. When Batten arrived at the school, two other buses were there. The children riding on Batten's bus (No. 116) were lined up in front of bus No. 121. Batten drove to the left of bus 121 with his left wheels off the edge of the 19-foot-wide drive at a speed of about 15 miles per hour. As bus 116 neared the front of bus 121, the claimant ran into the path of bus 116 to retrieve his shoe. Batten applied the brakes of the bus when he saw the claimant but skidded some twelve feet over the claimant's left leg, severely tearing the muscle of the left calf. When the bus was stopped, the front door of bus 116 was approximately even with the front end of bus 121.

From the order and award of the Industrial Commission, the defendant appealed to this court, assigning errors of law.

*Braswell & Strickland by Roland C. Braswell for plaintiff appellee.*

*George K. Freeman, Jr., and Attorney General T. Wade Bruton by Staff Attorney Richard N. League for defendant appellant.*

BRITT, J.

At the outset of their brief, defendant's counsel state: "This appeal is based primarily on procedural and technical points, and the facts of the occurrence and legal inferences from them resulting in the claim are only of secondary interest. The finding of negligence is not appealed to this Court."

The first question presented is whether the absence of the name of the allegedly negligent employee in the affidavit filed pursuant to G.S. 143-300.1 results in a failure of the Industrial Commission to acquire jurisdiction.

[1, 2]    It has been held that it is necessary to *recovery* that the affidavit of the claimant set forth the name of the allegedly negligent employee and the acts of negligence relied upon. *Brooks v. University,* 2 N.C. App. 157, 162 S.E. 2d 616; *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703. It also appears that, as a general rule, "[a] pleading may not be amended so as to confer jurisdiction in a particular case stated; but there may be an amendment to show that the jurisdiction exists." 1 McIntosh, N.C. Practice 2d, § 1285, p. 713.

[3]    In every proceeding before the Industrial Commission, determination of jurisdiction is the first order of business. Determinative facts upon which rights of parties are made to rest must be found from judicial admissions made by the parties, facts agreed, stipulations entered into and noted at the hearing, and evidence offered in open court, after all parties have been given full opportunity to be heard. *Letterlough v. Atkins,* 258 N.C. 166, 128 S.E. 2d 215. See also *Tabron v. Farms, Inc.,* 269 N.C. 393, 152 S.E. 2d 533; *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E. 2d 777; and 5 Strong, N. C. Index 2d, Master and Servant, § 85, p. 455.

[4]    In *Maley v. Furniture Co.,* 214 N.C. 589, 200 S.E. 438, the court, in dealing with the reception of hearsay evidence, stated:

"The Industrial Commission is an administrative board, with *quasi*-judicial functions. The manner in which it transacts its business is a proper subject of statutory regulation and need not necessarily conform to court procedure except where the statute so requires, or where, in harmony with the statute, or where it fails to speak, the Court of last resort, in order to preserve the essentials of justice and the principles of due process of law, shall consider rules similar to those observed in strictly judicial investigations in courts of law to be indispensable or proper. * * *"

To the same effect, see 5 Strong, N. C. Index 2d, Master and Servant, § 93, p. 476.

It remains to apply these principles to the case before us. The name Milton Leroy Batten (also referred to herein as Roy Batten) did not appear anywhere on the claim at the time it was filed. In *Tucker v. Highway Commission,* 247 N.C. 171, 100 S.E. 2d 514, while the name R. W. (Bob) Moore did appear in the affidavit, it did not appear as the allegedly negligent employee. A stipulation at the hearing was allowed to correct this defect. In the present case, the attorney for the defendant School Board, having demurred, declared his willingness to stipulate that Roy Batten was an employee of the Board and that he was paid from the nine-months school fund.

Thereupon, the hearing officer overruled the demurrer and allowed claimant's motion to amend his affidavit to allege the negligence of Milton Leroy Batten. At the same time, counsel for the defendant admitted that the School Board had not been taken by surprise by claimant's motion to amend.

[5, 6]    The knowledge that the Industrial Commission is not expected to perform in its proceedings as strictly as a court, together with a conviction that the amendment has no effect on the essentials of justice in this case, when combined with an understanding of the discretion permitted trial judges in this State with regard to amendments, leads us to the conclusion that the amendment served the purpose of showing the existence of jurisdiction in the case, rather than conferring it. It has been held that an amendment allowed in open court, appearing in the record, is self-executing, though the better practice is to reduce it to writing. *State v. Yellowday*, 152 N.C. 793, 67 S.E. 480; *Holland v. Crow*, 34 N.C. 275; *Shearin v. Neville*, 18 N.C. 3; *Ufford v. Lucas*, 9 N.C. 214.

[7]    The defendant next contends that the Industrial Commission erred in allowing Commissioner Shuford to preside at the hearing in which defendant put on the bulk of its evidence, when the first hearing was held and the opinion and award entered by Deputy Commissioner Thomas. The record discloses that Commissioner Shuford served with the full Commission in reviewing the findings and affirming the order of Deputy Commissioner Thomas. Defendant joined in requesting the additional day of hearing and had notice of the identity of the presiding officer prior to the second hearing. It made no objection to Commissioner Shuford's conducting the second hearing, either at or before the time of the hearing. Without conceding that this procedure was improper, we conclude that defendant waived any objection thereto. This conclusion is supported, on the point of waiver, by *Ostrowski v. Zolnierowicz*, 125 N.J.L. 516, 16 Atl. 2d 803; *Worden v. Alexander*, 108 Mont. 208, 90 P. 2d 160, and 48 C.J.S., Judges, § 56, p. 1021. Furthermore, as indicated in the quoted statement from defendant's brief, the facts in this case are not seriously controverted — even the finding of negligence is not challenged.

[8]    Finally, defendant contends that the Commission erred in its conclusion of law that the claimant was conclusively presumed incapable of contributory negligence, contending that G.S. 143-291 leaves no room for the exclusion of a minor claimant from its operation. It is not necessary for us to pass on this question, as the Commission found as a fact that there was no contributory negligence in

this case, and the finding, being supported by competent evidence, is binding on us. *Eaton v. Klopman Mills, Inc.*, 2 N.C. App. 363, 163 S.E. 2d 17.

Contained in the record is a written demurrer evidently filed by the defendant with the Industrial Commission on 12 January 1968. The decision and order of Deputy Commissioner Thomas, filed 16 February 1968, makes no reference to the written demurrer; neither does the opinion and award for the full Commission filed 7 May 1968. Nevertheless, defendant filed an almost identical demurrer with this court on 26 November 1968. For the reasons hereinbefore stated, the demurrer filed in this court is overruled, and we hold that the defendant was not prejudiced by the failure of the Industrial Commission to rule on the written demurrer which it filed with the Commission.

The opinion and award of the Industrial Commission appealed from is

Affirmed.

BROCK and PARKER, JJ., concur.