***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the brief before the Full Commission. The appealing party has shown good ground to reconsider the evidence and receive further evidence. Accordingly, the Full Commission reverses the Decision and Order of the Special Deputy Commissioner and enters the following Interlocutory Decision and Order.
 *********** RULING ON EVIDENTIARY MATTER
Per the January 29, 2009 Order by Chair Young, the January 12, 2009 submission by plaintiff of Dr. Norman Parks' October 30, 2008 letter is deemed a Motion to Submit Additional Evidence. Defendant did not file a Response. *Page 2 
After review of the Motion, IT IS HEREBY ORDERED that plaintiff's Motion is GRANTED. The October 20, 2008 letter by Dr. Parks is admitted into the record as an exhibit.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Jeffery Scott Phillips, is an inmate of defendant, North Carolina Department of Correction, alleging medical negligence in his Tort Claim Affidavit filed with the North Carolina Industrial Commission.
2. In this State Tort Claims action, plaintiff alleges that employees or agents of defendant committed acts of medical negligence in providing treatment.
3. Defendant filed a Motion to Dismiss for plaintiff's failure to file an affidavit from a doctor or medical expert as required by Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit.
4. An Interlocutory Decision and Order was entered on May 20, 2008, providing plaintiff one hundred twenty (120) days within which to submit to Special Deputy Commissioner Taylor an affidavit, satisfactory to N.C. Rules of Civil Procedure 9(j), signed by a physician that said the physician is prepared to testify that plaintiff's medical treatment in the alleged circumstances fell below the applicable standard of care. The Interlocutory Decision and Order provided that if plaintiff did not provide the required Rule 9(j) affidavit, this civil action would be dismissed.
5. On June 29, 2008, plaintiff submitted a letter from Dr. Norman H. Parks, MD stating that Dr. Parks would be willing to review plaintiff's medical records regarding his *Page 3 
medical treatment provided by defendant and would be willing to testify to the quality and standard of care that plaintiff has received. This statement did not meet the requirements of an affidavit pursuant to Rule 9(j) because the physician did not state that medical care provided by defendant failed to meet the applicable standard of care.
6. On June 30, 2008, the Commission received notice from defendant that plaintiff's medical records were submitted directly to Dr. Parks.
7. Dr. Parks submitted another letter dated September 11, 2008 stating his opinion concerning the medical treatment provided by defendant. Dr. Parks strongly urged that defendant provide plaintiff with proper care.
8. On January 12, 2009, plaintiff submitted a third letter from Dr. Parks dated October 30, 2008 wherein Dr. Parks further clarifies that the medical care provided to plaintiff by defendant does not meet the applicable standard of care.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The determination of jurisdiction is the first order of business in every proceeding before the Industrial Commission. Crawford v. Wayne County Bd.of Educ., 3 N.C. App. 343, 164 S.E.2d 748 (1968), aff'd, 275 N.C. 354,168 S.E.2d 33 (1969).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. *Page 4 
§ 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
3. Pursuant to N.C. Gen. Stat. § 90-21.12, plaintiff must show that defendant's physician provided plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situation in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus.,Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
4. In the case at hand, plaintiff has complied with N.C. Gen. Stat. § 90-21.11 in that plaintiff has provided a pleading that specifically asserts that the medical care provided to plaintiff by defendant has been reviewed by a person who is reasonably expected to qualify as an *Page 5 
expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss for plaintiff's failure to file an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure is HEREBY DENIED.
2. This matter is hereby REMANDED to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for further proceedings.
This the 24th day of February, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI MEYER COMMISSIONER *Page 1