***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Special Deputy Commissioner Taylor with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. On July 11, 2008 the Industrial Commission entered Commissioner Laura Kranifeld Mavretic's Order Granting Defendant's Motion to stay discovery pending the outcome of the motion to dismiss.
2. Plaintiff alleged in his Affidavit filed on May 21, 2007 with the North Carolina Industrial Commission under the State Tort Act and confirmed these allegations in his testimony that:
 a. On or about December 27, 2004, NCDOC officers, employees and/or agents named individually were negligent in their duties to investigate NCDOC officer(s) false allegation of plaintiff having committed an infraction and falsely convicting him with an infraction as an act of retaliation;
 b. Plaintiff was unable to obtain assistance with a reinvestigation of the incident and that his constitutional rights were violated pursuant to federal case law US v. Miles;
 c. Plaintiff alleged that the acts and omissions described violated his rights under the constitution and state laws and rights within the penal system.
 d. Plaintiff requested monetary damages assessed against individual employees of NCDOC; specific performance in the form of expungement of his disciplinary record, restored credit for "good-time" early release and return of administrative fees requested in an amount in excess of $10,000.
3. NCDOC motioned to dismiss plaintiff's claim on the following grounds: allegations of intentional acts committed by NCDOC officials; and failure to allege and base his *Page 3 
claim upon negligence of the named employer or officer of the State as required by the Tort Claims Act.
4. Plaintiff has brought this claim against the NCDOC based on his disagreement with an administrative decision arising from the NCDOC's discretionary authority to conduct hearings and rule on cases brought before a committee and/or disciplinary board.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The determination of jurisdiction is the first order of business in every proceeding before the Industrial Commission. Crawford v. WayneCounty Bd. of Educ., 3 N.C. App. 343, 164 S.E.2d 748 (1968),aff'd, 275 N.C. 354, 168 S.E.2d 33 (1969).
3. Plaintiff has failed to allege any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her *Page 4 
office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
4. Plaintiff's afaffidavit and testimony at hearing shows alleged constitutional violations and intentional acts on the part of the NCDOC. Intentional acts and constitutional violations are not torts and therefore are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v.University, 5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Departmentof Motor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956).
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 23rd day of April, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE *Page 5 
COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1