***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Special Deputy Commissioner Taylor with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. The Plaintiff, Evaristo Lozano (hereinafter "Lozano"), was an inmate of the defendant, North Carolina Department of Correction (hereinafter "NCDOC") alleging medical negligence and that he was subjected to "cruel and unusual punishment" by being required to work in the Kitchen while his ankle was hurt.
2. In this State Tort Claims action, Lozano alleges that employees or agents of NCDOC committed acts of medical negligence in providing treatment. Lozano received an x-ray, a brace, orthotic inserts and pain medication for his injury.
3. NCDOC filed a Motion To Dismiss for Lozano's failure to file an affidavit from a doctor or medical expert as required by Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit.
4. An Interlocutory Decision and Order was entered on May 20, 2008, providing Lozano one hundred twenty (120) days within which to "submit to the undersigned an affidavit, satisfactory to N.C. Rules of Civil Procedure 9(j), signed by a physician that said the physician is prepared to testify that plaintiff's medical treatment in the alleged circumstances fell below the applicable standard of care. The Interlocutory Decision and Order provided that if plaintiff did not provide the required Rule 9(j) affidavit, this civil action would be dismissed.
5. More than one hundred twenty (120) days has passed and plaintiff has not provided an affidavit from a medical expert
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Balkin v.N.C. State University, 321 N.C. 706, 709, *Page 3 365 S.E.2d 898, 900 (1988). The determination of jurisdiction is the first order of business in every proceeding before the Industrial Commission.Crawford v. Wayne County Bd. of Educ., 3 N.C. App. 343, 164 S.E.2d 748
(1968), aff'd, 275 N.C. 354, 168 S.E.2d 33 (1969).
2. NCDOC has a nondelegable duty imposed by statute and its administrative regulations to provide inmates with adequate medical care including the diagnosis and treatment of serious medical conditions.
3. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
4. Pursuant to N.C. Gen. Stat. § 90-21.12, plaintiff must show that defendant's physician provided plaintiff with a level of care not in accordance with the standards of practice *Page 4 
among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus., Inc., 61 N.C. App. 211, 300 S.E.2d 557
(1983). Plaintiff has failed to present sufficient evidence and therefore, his claim for medical malpractice fails.
5. In addition, Lozano's State Tort Claim Affidavit and argument at hearing indicates alleged constitutional violations and intentional acts on the part of the Defendant. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. Since the Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations, plaintiff's claim for damages must fail. Braswell v. University, 5 N.C. App. 1,168 S.E.2d 24 (1969); Jenkins v. Department of Motor Vehicles,244 N.C. 560, 94 S.E.2d 577 (1956).
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 O R D E R
1. Plaintiff's State Tort Claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed at this time as plaintiff was permitted to filein forma paupis.
This the 30th day of April, 2009.
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 5 
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1