***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Special Deputy Commissioner Taylor with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing there from, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. On June 12, 2008 the Industrial Commission entered Commissioner Laura Kranifeld Mavretic's Order Granting Defendant's Motion to stay discovery pending the outcome of the motion to dismiss.
2. Plaintiff alleges in his State Tort Claim Affidavit filed on May 9, 2008 with the North Carolina Industrial Commission that: a. On or about January 16, 2006, NCDOC officers, employees and/or agents named individually were negligent in their duties to place plaintiff in an asbestos-free dormitory as he demanded which constituted a deliberate indifference to plaintiff's concerns about being exposed to cancer causing agents; 
 b. Plaintiff's affidavit and written attachment continued with citations of federal case law descriptions of cruel and unusual punishment, uses of excessive force and other constitutional issues as he describes a cough that plaintiff has developed while housed in a correctional facility; 
 c. Plaintiff alleged that the acts and omissions described violated his rights under the constitution and state laws and rights within the penal system. 
 d. Plaintiff requested monetary damages for lung cancer, breathing problems and pain and suffering in an amount in excess of $10,000. 
 e. During the hearing before Special Deputy Taylor, plaintiff confirmed the preceding information. Plaintiff further clarified that he started coughing after he was placed in a room with rusty pipes that were taped up and wanted to know the reason. However, he indicated that he did not know what asbestos was. *Page 3 
3. NCDOC moved to dismiss plaintiff's claim on the following grounds: allegations of intentional acts and constitutional violations committed by NCDOC officials; and failure to allege and base his claim upon negligence of the named employer or officer of the State as required by the Tort Claims Act.
4. Upon further examination of plaintiff's written addendum to his affidavit filed under the Tort Claims Act, plaintiff also alleges issues which may or may not be proven, but fall within the jurisdiction of the North Carolina Workers' Compensation Act as follows: a. Plaintiff alleges that he was forced to work in the laundry for six hours a day without protective clothing in an unventilated building and room that contained asbestos, and that he was forced to breath toxic agents without a mask while working and processing the laundry for the prison. 5. Plaintiff has brought the other claim against the NCDOC based on his disagreement with an intentional administrative decision arising from the NCDOC's discretionary authority to place inmates in housing as they have available.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. NorthwesternDistrib., Inc. v. N.C. *Page 4 Dept. of Transp., 41 N.C. App. 548, 255 S.E.2d 203,cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Balkin v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The determination of jurisdiction is the first order of business in every proceeding before the Industrial Commission. Crawford v. Wayne County Bd.of Educ., 3 N.C. App. 343, 164 S.E.2d 748 (1968), aff'd, 275 N.C. 354,168 S.E.2d 33 (1969).
3. Plaintiff has failed to allege any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
4. Plaintiff's affidavit and argument at hearing indicates alleged constitutional violations and intentional acts on the part of the NCDOC. Intentional acts and constitutional violations are not torts and therefore are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v.University, 5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Departmentof Motor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956).
5. Workers' Compensation, not a tort action, is the exclusive remedy for prisoners injured while working as an employee for the State of North Carolina. N.C. Gen. Stat. § 97-10.1; Richardson v. N.C. Dept. ofCorrection, 345 N.C. 128, 478 S.E.2d 501 (1996).
6. A prisoner may file a workers' compensation claim under appropriate circumstances within one year of their release from the NCDOC. N.C. Gen. Stat. § 97-13(c) specifically provides: *Page 5 
 Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that the maximum compensation to any prisoner or to the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident. 7. As plaintiff alleges injury by accident arising out of an in the course of his employment with the NCDOC, his cause of action for the injury, filed as a tort claim against the State of North Carolina, must be dismissed. N.C. Gen. Stat. § 143-291, et seq.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claims brought under the State Torts Act must be, and hereby is, DENIED.
2. Plaintiff may file a workers' compensation claim for his alleged injury while working in the prison laundry within one year of his release from NCDOC.
3. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 30th day of April, 2009. *Page 6 
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/___________________ STACI T. MEYER COMMISSIONER *Page 1