***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Special Deputy Commissioner Taylor.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. On July 9, 2008, the Industrial Commission entered Commissioner Laura Kranifeld Mavretic's Order Granting Defendant's Motion to stay discovery pending the outcome of the motion to dismiss.
2. Plaintiff alleges in his Affidavit filed on May 6, 2008, with the North Carolina Industrial Commission under the State Tort Act that:
 (a) On or about May 1, 2007, defendant's officers, employees and/or agents named individually were negligent in their duties to assign plaintiff to a smoke-free dormitory environment which has exposed him to second-hand-smoke which has caused plaintiff physical and emotional harm and generally failed to perform their job duties effectively;
 (b) Defendant has failed to process his repeatedly filed grievances in violation of defendant's policies and procedures;
 (c) Plaintiff has included examples of defendant's officers discussing the no smoking policies with inmates and then allowing the inmate(s) to continue to smoke in designated non-smoking areas and make jokes about the matter. Plaintiff has even stated that the facility will not fully enforce the no smoking rule nor take the necessary steps to protect [his] health;
 (d) Plaintiff alleges that defendant's officers are committing retaliatory and harassing acts against him and conspiring with each other to cover it up;
 (e) Plaintiff alleges defendant's officers participate in illegal activity such as providing inmates with lighters/matches; *Page 3 
 (f) Plaintiff also alleges that his mail is not being forwarded to him from the mailroom staff properly despite his repeated complaints about the alleged negligence;
 (g) Plaintiff has cited Woodson v. Rowland
as a basis to support his position that defendant's conduct which he complains of is the type of negligence over which the Industrial Commission is authorized to exercise jurisdiction, conduct a trial and issue an order and award;
 (h) Plaintiff requested monetary damages in an amount in excess of $10,000.
3. Defendant moved to dismiss plaintiff's claim on the grounds that the allegations were of intentional acts committed by officials, and that plaintiff failed to allege and base his claim upon negligence of the named employer or officer of the State as required by the Tort Claims Act.
4. Plaintiff has brought this claim against the defendant based on his disagreement with administrative decisions arising from the defendant's discretionary authority to implement and enforce policies and procedures for inmates as well as intentional conduct of named officers, employees and/or agents. The Industrial Commission does not have the power to conduct a trial and issue an order in these types of cases. The Woodson case cited by plaintiff is not applicable as it applies to very limited and narrow exceptions in workers' compensation actions. Plaintiff must file a complaint in a court of proper jurisdiction to pursue his claims.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW *Page 4 
1. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. Northwestern Distrib.,Inc. v. N.C. Dept. of Transp.,41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The determination of jurisdiction is the first order of business in every proceeding before the Industrial Commission. Crawford v. Wayne County Bd. ofEduc., 3 N.C. App. 343, 164 S.E.2d 748 (1968), aff'd,275 N.C. 354, 168 S.E.2d 33 (1969).
3. Plaintiff has failed to allege any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
4. Plaintiff's affidavit and argument at hearing show alleged constitutional violations and intentional acts on the part of defendant. Intentional acts and constitutional violations are not torts and therefore are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. University,5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Department ofMotor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956).
 *********** *Page 5 
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. IT IS HEREBY ORDERED that defendant's Motion for Involuntary Dismissal is hereby GRANTED, and plaintiff's claim is DISMISSED WITH PREJUDICE.
2. Each side shall pay their own costs.
This the 7th day of April, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1