***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser and the assignments of error and/or briefs before the Full Commission. The appealing party has shown good grounds to reconsider the evidence and receive further evidence. Accordingly, the Full Commission reverses the Decision and Order of the Deputy Commissioner and enters the following Interlocutory Decision and Order.
 *********** RULING ON EVIDENTIARY MATTERS
1. On September 10, 2010, the Commission received plaintiff's Motion for New Hearing and Affidavit in support thereof. On October 1, 2010, Chair Pamela T. Young entered an order holding plaintiff's motion in abeyance until consideration of the matter by the Full *Page 2 
Commission. Pursuant to N.C.I.C. Rules T306 and T307, and in the discretion of the Full Commission, Plaintiff's Motion for New Hearing is DENIED.
2. On June 25, 2010, plaintiff filed his Notice of Appeal from the Decision and Order of Deputy Commissioner Houser. Along with his Notice of Appeal, plaintiff submitted two letters from Charles Bauberger, M.D., both of which were notarized. A note on one of the two letters indicated that it was originally signed on March 13, 2009, and the second letter was dated June 21, 2010. The Full Commission deems plaintiff's submission of the two letters from Dr. Bauberger to be a Motion to Submit Additional Evidence. Having reviewed the Motion, IT IS HEREBY ORDERED that plaintiff's Motion is GRANTED. The March 13, 2009 and June 21, 2010 letters from Dr. Bauberger are admitted into the record as exhibits.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, William Bauberger, is a prison inmate incarcerated in the custody and control of defendant North Carolina Department of Correction. Plaintiff has alleged that one or more of defendant's employees at Warren Correctional Institution were negligent in the medical treatment they provided to him during the period of December 15, 2006 and continuing forward.
2. On April 29, 2009, defendant filed a Motion to Dismiss for plaintiff's failure to file an affidavit from a doctor or medical expert as required by Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit.
3. On December 3, 2009, former Deputy Commissioner Ronnie E. Rowell entered an Interlocutory Order in which he determined that the copy of the signed written *Page 3 
correspondence from Charles Bauberger, M.D. submitted by plaintiff at the pre-trial hearing, which indicated that Dr. Bauberger was willing to testify regarding the medical treatment provided to plaintiff, was sufficient to satisfy the special pleading requirements of Rule 9(j). Former Deputy Commissioner Rowell's Interlocutory Order denied defendant's Motion to Dismiss and ordered that the matter be set for an evidentiary hearing.
4. On May 14, 2010, Deputy Commissioner Houser conducted a hearing via video conference. During the hearing, defendant objected to plaintiff's request to have the letter from Dr. Bauberger marked as an exhibit on the basis that there was no indication of the letter's authenticity, and on the basis that the letter did not constitute an affidavit and had not been notarized. Deputy Commissioner Houser sustained defendant's objection.
5. On June 9, 2010, Deputy Commissioner Houser entered a Decision and Order in which he found that plaintiff had offered no expert testimony regarding the requisite standard of medical care owed to him by defendant's employees as required by N.C. Gen. Stat. § 90-21.12, and dismissed plaintiff's claim with prejudice as a result.
6. On June 25, 2010, the Commission received plaintiff's Notice of Appeal from Deputy Commissioner Houser's Decision and Order. Along with his Notice of Appeal, plaintiff submitted two letters from Charles Bauberger, M.D., both of which were notarized. A note on one of the two letters indicated that it was originally signed on March 13, 2009. The second letter was dated June 21, 2010, and stated Dr. Bauberger's opinion that the medical care provided to plaintiff did not meet the applicable standard of care.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following: *Page 4 
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The determination of jurisdiction is the first order of business in every proceeding before the Industrial Commission. Crawford v. Wayne County Bd. ofEduc., 3 N.C. App. 343, 164 S.E.2d 748 (1968), aff'd,275 N.C. 354, 168 S.E.2d 33 (1969).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure:
 Any complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
3. Pursuant to N.C. Gen. Stat. § 90-21.12, plaintiff must show that defendant's physician provided plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the *Page 5 
cause of action, and that generally, expert testimony is necessary to establish this standard of care. Warren v. Canal Indus.,Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
4. In the case at hand, plaintiff has complied with N.C. Gen. Stat. § 90-21.11 in that he has provided a pleading that specifically asserts that the medical care provided to plaintiff by defendant has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss for plaintiff's failure to file an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure is HEREBY DENIED.
2. This matter is hereby REMANDED to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for further proceedings.
This the 11th day of March, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG *Page 6 
CHAIR
 S/___________________ STACI T. MEYER COMMISSIONER